UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Blue Cross Blue Shield of Minnesota, et al.,

    Plaintiffs,

v.                                            MEMORANDUM OPINION
                                               AND ORDER
                                              Civil No. 07-4072

GlaxoSmithKline, plc et al.,

    Defendants,

_____

    Annamarie A. Daley and Kimberly G. Miller, Robins, Kaplan, Miller & Ciresi, L.L.P. for and on behalf of Plaintiffs.

    Michael A. Lindsay and Paul J. Robbennolt, Dorsey & Whitney LLP and Joseph A. Tate, Christine C. Levin and George G. Gordon, Dechert LLP for and on behalf of Defendants.

_____

    This matter is before the Court upon Plaintiffs' motion to remand to state court. For the reasons discussed below, the motion will be granted.

Procedural History

    I. Prior Action in Federal court

    Plaintiffs, a number of health benefit plans, originally brought an action in

the United States District Court, District of Minnesota against Defendants GlaxoSmithKline plc, SmithKline Beecham Corp., Beecham Group plc and SmithKline Beecham PLC (collectively "GSK").  See Blue Cross et al. v. GlaxoSmithKline plc et al., Civil No. 05-910 (DWF/AJB).  In the Amended Complaint, Plaintiffs had asserted antitrust claims under state and federal law.  Also asserted were state law claims of deceptive trade practices, insurance fraud, tortious interference, unjust enrichment and common law fraud claims.

The underlying conduct alleged to have formed the bases for these claims are that GSK, from 1998 to September 2003, illegally obtained and maintained a 100% market share to charge supracompetitive prices for Paxil, an anti-depressant drug.  Amended Complaint ¶ 24.  GSK is alleged to have carried out this scheme by bringing sham litigation to prevent, delay or interfere with generic entry into the market, false listing of patents in the FDA's Orange Book, and intentional material misrepresentations and/or omissions to the patent office, and other illegal conduct, such as fraudulent marketing, intended to prevent generic entry to the market.  Id. ¶¶ 30 and 42.

GSK filed a motion to dismiss for lack of federal jurisdiction, arguing that Plaintiffs lacked standing to pursue the asserted federal antitrust claims, as

Plaintiffs - third party payors - did not suffer a direct injury.  The Court agreed with GSK and dismissed the federal claims. The Court further declined to exercise supplemental jurisdiction over the remaining state law claims, finding that Plaintiffs had not met their burden of demonstrating that substantial questions of federal patent law (such as fraud on the PTO and sham patent litigation) must necessarily be addressed to resolve all of Plaintiffs' state law claims.  Blue Cross et al. v. GlaxoSmithKline plc et al., Civil No. 05-910 (DWF/AJB) Memorandum Opinion and Order at 13-14 (D. Minn. Jan. 30, 2006) (Miller Decl.,  Ex. D).  Relying on Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-809 (1988), the Court determined that for jurisdiction to exist, Plaintiffs must demonstrate that for each theory asserted, patent law was essential to each theory.  Based on the record, however, the Court held

> Because it is not clear to the Court that Plaintiffs' eighty state law claims will necessarily require resolution of a substantial patent law question, and because Plaintiffs have conceded that they can recover under other theories that do not require the resolution of questions of federal patent law, Plaintiffs have not met their burden of demonstrating that jurisdiction exists.

Id. at 14.

In addition, the Court declined to address GSK's preemption arguments, as the jurisdictional question had been disposed of on other grounds. Id. With respect to the state law claims, the action was dismissed without prejudice.

II. Prior Action in State Court

After the federal case was dismissed, Plaintiffs refiled their Complaint, without the federal law claims, in Minnesota State Court, Second Judicial District. See Blue Cross et al. v. GlaxoSmithKline plc et al., Court File No. 62-C8-06-002575. GSK thereafter filed a motion to dismiss for failure to state a claim, arguing that the asserted state law claims are preempted by federal patent law, as the alleged bases for the claims involve patent misconduct. The state court found, however, that Plaintiffs' state law claims were not so inextricably intertwined with patent law so as to require resolution in a federal court. Blue Cross et al. v. GlaxoSmithKline plc et al., Court File No. 62-C8-06-002575, Order at 10 (Minn. Dist. Ct. Dec. 1, 2006) (Notice of Removal, Ex. A.5). The state court also rejected GSK's argument that the claims are preempted pursuant to Buckman Co. v. Plaintiff' legal Comm., 531 U.S. 341 (2001). Id. at 11.

Thereafter, Plaintiffs moved to amend their complaint in order to provide more specificity to their fraud claims. By this motion, Plaintiffs did not seek to

add any claims. The motion to amend was granted. Blue Cross et al. v. GlaxoSmithKline plc et al., Court File No. 62-C8-06-002575, Order (Minn. Dist. Ct. Aug. 31, 2007) (Notice of Removal, Ex. A.22.). In allowing the complaint to be amended, the state court rejected GSK's argument the amendment would be futile. The court found that the new allegations concerning the introduction of Paxil CR® are sufficient to support Plaintiffs' antitrust claims, rejecting GSK's argument that line extension are inherently procompetitive as Plaintiffs had alleged that "GSK engaged in the type of associated conduct that robs the market of the ability to choose between Paxil CR® and other lower-priced generic paroxetine-based antidepressants." Id. at 7. The court further found that Plaintiffs Paxil CR® false advertising and deceptive marketing allegations are sufficient to support statutory and common law claims, rejecting GSK's "learned intermediary" argument. Id. at 9-12.

    III.  Instant Action

Less than one month after Plaintiffs' were allowed to amend their complaint, GSK removed the state court action to this Court. Plaintiffs have filed this timely motion for remand.

Standard

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims.  28 U.S.C. § 1447(c).  In reviewing a motion to remand, the court must resolve all doubts in favor of remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

To determine whether a claim arises under federal law, providing a basis for federal jurisdiction, the Court must reference the "well-pleaded complaint." Under this rule, federal jurisdiction exists only when a federal question is presented on the face of the complaint.  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).  Specifically, federal jurisdiction exists if, on the face of the complaint, 1) federal law creates the plaintiffs' cause of action; or 2) some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Id., at 8-9, 13.  A defense, on the other hand, that raises a federal question is insufficient to confer federal jurisdiction.

Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Analysis

In its Notice of Removal, GSK asserts that the Revised Second Amended Complaint filed in state court was the first time Plaintiffs set forth the factual bases for its conclusory allegations of false, deceptive and misleading marketing and advertising. GSK asserts that these new allegations do not support relief under any of Plaintiffs' claims. Consequently, for Plaintiffs to prevail on their remaining state antitrust claims, they will have to rely on the claims that GSK fraudulently obtained patents, engaged in sham patent litigation and/or improperly listed patents in the Orange Book. GSK asserts that as these claims can only be resolved after application of federal patent law, the claims arise under federal law and provide a basis for jurisdiction in this Court. Grable & Sons Metal Prods. v. Darue Engineering & Mfg., 545 U.S. 308, 313 (2005).

GSK first asserts that Plaintiffs' state law claims based on alleged false marketing and advertising of prescription pharmaceutical products are preempted by federal law, citing to Pennsylvania Employees Benefit Trust Fund v. Zeneca, 499 F.3d 239 (3rd Cir. 2007). Preemption is a federal defense, however, and the law is clear that "federal question jurisdiction is not created by a federal

7

defense, including the defense of preemption, even if the defense is the only contested issue in the case." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) (citing Franchise Tax Bd, 463 U.S. at 14).  Complete preemption, however, has been recognized as a corollary to the well-pleaded complaint rule. Id. (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).  "Under this doctrine, '[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id.

GSK does not argue that Plaintiffs newly asserted claims based on alleged false marketing and advertising of prescription pharmaceutical products are completely preempted by state law. See Defendant's Memorandum in Opposition to Remand, p. 26 . In fact, GSK argued complete preemption is a "red herring", and that the point of its preemption argument is to demonstrate that Plaintiff's false advertising claim is "not viable for a number of reasons." Id.

In determining whether federal question jurisdiction exists, the Court does not look to the merits of the claim, however. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933).  Instead, the Court must look only to the well-pleaded complaint.

In support of its position, GSK cites to two district court decisions, <u>Doran v. Purdue Pharm Co.</u>, 324 F. Supp.2d 1147 (D. Nev. 2004) and <u>Schecher v. Purdue Pharma Co.</u>, 317 F. Supp.2d 1253 (D. Kan. 2004). GSK's reliance on these cases is misplaced, however. In <u>Doran</u>, the court found that removal was appropriate as all of the asserted state law claims arose under federal law. 324 F. Supp.2d at 1150 (state law claims involved allegations that the defendant made material misrepresentations to the PTO and participated in sham patent litigation); <u>See also,</u> <u>Schecher</u>, 317 F. Supp.2d at 1258 (same). Contrary to GSK's assertion, neither <u>Doran</u> or <u>Schecher</u> stands for the proposition that on a motion to remand, the Court must determine the viability of all state law claims, when alternative theories are asserted.

In addition, this case is factually distinguishable from <u>Doran</u> and <u>Schecher</u>, as Plaintiffs have asserted more than just claims of fraud on the PTO and sham patent litigation. Plaintiffs have also alleged state law claims of false marketing and advertising. Notably, GSK does not argue that these claims require resolution of a significant federal question. Instead, GSK simply argues that the claims are preempted. As noted above, however, removal cannot be based on a federal defense.

GSK further opposes remand on the basis that the new allegations of fraudulent and deceptive marketing with respect to Paxil CR are not actionable, because Plaintiffs cannot show that GSK's alleged conduct harmed competition. GSK asserts that Plaintiffs have not alleged facts that, if true, would support a finding that the launch of Paxil CR® had an exclusionary effect.  This argument was squarely addressed, and rejected, by the state court in its Order allowing Plaintiffs to amend their complaint.  See, Notice of Removal, Ex.A.22, p 6-9.  The Court has reviewed the state court's well reasoned opinion, and finds no basis upon which to revisit the issue.  Accordingly, the Court finds that Plaintiffs' allegations concerning false marketing and advertising sufficiently state a claim that GSK engaged in anti-competitive conduct to prevent or inhibit generic substitution in violation of state antitrust laws.

Plaintiffs request reasonable attorneys fees and costs for responding to this motion pursuant to 28 U.S.C. § 1447(c), which provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   While the Court has discretion in determining whether fees are appropriate under § 1447(c), the standard to be applied is whether the removing party lacked on objectively

reasonable basis for seeking removal.  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

Given the unique procedural history of this case - that a federal district court had previously ruled on whether the asserted claims arose under federal law and a state district court had ruled on the sufficiency of the Plaintiffs' false marketing and advertising claims - the Court finds that GSK had no objectively reasonable basis for removing this case to federal court.  Accordingly, Plaintiffs' requests for fees and costs incurred in bringing the motion to remand will be granted.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand [Doc. No. 5] is GRANTED, and this matter is hereby remanded to Minnesota District Court, Second Judicial District.  Within seven (7) days from the date of this Order, Plaintiffs shall submit a declaration, together with appropriate billing records, setting forth the fees and costs incurred in bringing its motion to remand.

Date: January 31, 2008

s / Michael J. Davis
Michael J. Davis
United States District Court
